UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                   |

JOSÉ MIGUEL MARTE,           |

                Petitioner,      |

                              |     11 Civ. 3269 (KMW)
      -against-                 |     02 Cr. 1490 (KMW)
                              |     **OPINION & ORDER**

UNITED STATES OF AMERICA,   |

                Respondent.    |

                                     |
-------------------------------------------------------------X

KIMBA M. WOOD, U.S.D.J.:

      Pursuant to 28 U.S.C. § 2255, José Miguel Marte ("Petitioner") moves to vacate his

conviction and sentence on the ground of ineffective assistance of counsel.  Petitioner was

sentenced to a term of 220 months after pleading guilty to conspiracy to distribute an unspecified

quantity of heroin and distributing a specified quantity of heroin.  Petitioner claims that his

counsel failed to: (1) provide advice as to the availability of affirmative defenses of entrapment

and duress; (2) ensure that Petitioner understood the nature and consequences of his guilty plea;

(3) file objections to the presentence report; and (4) move for a downward departure or a non-

guideline sentence based on duress and coercion.

      For the reasons set forth below, the Court DENIES the petition.

## I. BACKGROUND

      On November 21, 2002, a grand jury charged Petitioner with (1) conspiracy to distribute

and possess with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C.

§ 846 ("Count One"); and (2) distributing and possessing with intent to distribute heroin in

violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2 ("Count Two").
Petitioner decided to plead guilty to both counts without a plea agreement.[1]

On July 10, 2003, Petitioner allocuted before Magistrate Judge Theodore H. Katz.  (Plea
Tr. 12, July 10, 2003.)  Petitioner chose not to admit to the quantity or type of drug involved in
Count One (conspiracy) and, instead, elected that the Court determine those issues at sentencing.
Per Magistrate Judge Katz's recommendation, this Court accepted Petitioner's guilty plea.

On February 5, 2004, the Court held a *Fatico* hearing to probe Petitioner's role in the
conspiracy.  (*Fatico* Hr'g Tr., Feb. 5, 2004.)  After Petitioner's *Fatico* hearing but before
sentencing, the Second Circuit decided *United States v. Gonzalez*, 420 F.3d 111, 125 (2d Cir.
2005), in which it held that drug quantity specified in 21 U.S.C. § 841 was an element that must
be admitted by a defendant as part of a plea allocution or otherwise determined by a jury.  In
light of this decision, the Government moved to vacate Petitioner's pleas on both counts.  (Conf.
Tr. 6, Dec. 19, 2005.)  The Court granted the motion to vacate the plea for Count One but, at
Petitioner's request, did not vacate the plea for Count Two.  (*Id.* at 9.)  On May 11, 2006,
Petitioner allocuted again to Count One before Magistrate Judge Andrew J. Peck.  (Plea Tr. 14,
May 11, 2006.)  During the plea allocution, Petitioner admitted to conspiring to distribute an
unspecified quantity of heroin.[2]  (*Id.*)  Per Magistrate Judge Peck's recommendation, this Court
accepted Petitioner's guilty plea.

Petitioner's PSR recommended a base offense level of 34, based on intent to distribute at
least three but less than ten kilograms of heroin.  (PSR ¶ 32.)  It recommended that Petitioner
receive no credit for acceptance of responsibility, and it described false testimony given by

---

[1] As to Count One, although Petitioner was indicted under Section 841(b)(1)(A), the Government
accepted his plea to Section 841(b)(1)(C), which is a lesser included offense.
[2] The parties interpreted *Gonzalez* to require a defendant who pleads guilty to Section
841(b)(1)(C) to allocute to drug type but not to quantity.

Petitioner as a witness at the trial of a co-conspirator. (*Id.* ¶¶ 23, 36, 38.) At sentencing, the Court adopted the PSR's recommendation as to base offense level. The Court then increased the offense level to 38 on the grounds that Petitioner had played a leadership role in the conspiracy, and had obstructed justice by giving false testimony at his co-conspirator's trial and at his own *Fatico* hearing. The Court sentenced Petitioner to a term of 220 months, below the sentencing guideline range of 235 to 293 months.

Following sentencing, Petitioner appealed *pro se*, raising a number of claims, including challenges to his guilty plea and sentence, as well as ineffective assistance of counsel. The Second Circuit denied his appeal, finding that his guilty pleas "were made knowingly and voluntarily . . . and were supported by adequate evidence" and that his sentence "was not substantively unreasonable." *United States v. Marte*, 366 F. App'x 192, 193 (2d Cir. 2010). It dismissed the ineffective assistance of counsel claim without prejudice to allow Petitioner to pursue his claim under Section 2255. *Id.*

The Court now considers Petitioner's Section 2255 claim of ineffective assistance of counsel. Between his initial plea and sentencing, Petitioner was represented by six different counsel. (*See* Exhibit A appended to this Opinion & Order). In this motion, Petitioner primarily alleges deficient assistance by Mr. Salvador Delgado and Ms. Dawn Cardi, who served as counsel during Petitioner's second plea and his sentencing.[3]

---

[3] Ms. Cardi was appointed as CJA counsel after the Court vacated Count One of Petitioner's original plea. Petitioner then independently retained Mr. Delgado. Given a concern about Mr. Delgado's limited experience in federal criminal law, the Court asked Ms. Cardi to continue as additional counsel to Petitioner. (Conf. Tr. 6, Apr. 11, 2006.)

## II. DISCUSSION

### A. Legal Standard

To prevail on a claim of ineffective assistance of counsel, Petitioner must satisfy the two-prong test articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 694 (1984), which requires a petitioner to show that his counsel's conduct was (1) objectively unreasonable, and (2) prejudicial to the petitioner.

As to the first prong of *Strickland*, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Therefore, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* A court should avoid "second-guess[ing]" counsel's assistance by making "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* (citation omitted).

As to the second prong of *Strickland*, a petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* To show prejudice for deficient assistance occuring in advance of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In applying the two-prong inquiry in *Strickland*, the Court considers the "totality of the evidence before the judge or jury." 466 U.S. at 695. As a result, errors by counsel, when considered cumulatively, may amount to deficient representation. *See Lindstadt v. Keane*, 239 F.3d 191, 199 (2d Cir. 2001).

4

**B. Application**

Petitioner asserts four separate claims of ineffective assistance of counsel that he contends require the Court to vacate his conviction and sentence.  As discussed below, the Court finds each claim to be without merit.

*1. Advice About Defenses of Entrapment and Duress*

Petitioner claims that counsel provided ineffective assistance by failing to advise him about the availability of the affirmative defenses of entrapment and duress.  (Aff. of José Miguel Marte ("Pet'r Aff.") ¶ 11.)  Petitioner states that, had he known about the availability of these defenses, he would have elected to go to trial.  (*Id.* ¶ 25.)  Petitioner's claim fails to satisfy either prong of *Strickland*.

"The likelihood that an affirmative defense will be successful at trial and an assessment of the probable increase or reduction in sentence relative to the plea if the defendant proceeds to trial are clearly relevant to the determination of whether an attorney acted competently in recommending a plea."  *Panuccio v. Kelly*, 927 F.2d 106, 109 (2d Cir. 1991); *see also Jamison v. Senkowski*, 204 F. Supp. 2d 610, 612 (S.D.N.Y. 2002) (Buchwald, J.) ("In determining whether an attorney acted competently in recommending a plea, one factor that a court may consider is the likelihood of success a given defense would have had at trial.").

To successfully assert entrapment, a defendant must establish "(1) government inducement of the crime, and (2) lack of predisposition on the defendant's part."  *United States v. Bala*, 236 F.3d 87, 94 (2d Cir. 2000) (quoting *United States v. Salerno*, 66 F.3d 544, 547 (2d Cir. 1995)).  "A defendant is predisposed to commit a crime if he is 'ready and willing without persuasion' to commit the crime charged and 'awaiting any propitious opportunity' to do so."  *Salerno*, 66 F.3d at 547 (quoting *United States v. Harvey*, 991 F.2d 981, 992 (2d Cir. 1993)).

To successfully establish a defense of duress, a defendant must show: "(a) at the time of his conduct he was subjected to actual or threatened force, (b) the force or threat was of such a nature as to induce a well-founded fear of impending death or serious bodily harm, and (c) there was no reasonable opportunity to escape from the force or threat other than by engaging in the otherwise unlawful activity."  *United States v. Villegas*, 899 F.2d 1324, 1344 (2d Cir. 1990).

The record demonstrates that the pursuit of a defense of entrapment or duress at trial would have been unavailing.  Petitioner was arrested after meeting with an undercover agent to negotiate a drug transaction.  (Indictment 2, Nov. 21, 2002.)  Petitioner was introduced to the agent by a confidential informant who, Petitioner has alleged, coerced him into participating in the conspiracy in order to pay off a debt he owed to the informant.  (Pet'r Aff. ¶¶ 5-8.)  After the initial introduction, Petitioner initiated contact with the special agent on several occasions, and he met twice without the confidential informant present.  (*Fatico* Hr'g Tr. at 34-36; 42-43; 44-50.)  Petitioner's actions demonstrate that he was a willing participant in the conspiracy, and that he was sufficiently predisposed to commit the offense.

Similarly, Petitioner could not show the requisite fear of impending bodily harm needed to substantiate a defense of duress.  During his *Fatico* hearing, Petitioner and members of his family testified that, between 1998 and 2000, the informant had made threats against them concerning the purported debt Petitioner owed to the informant.  (*Id.* at 95-96, 100, 112.)  However, any alleged threat previously made by the informant against Petitioner or his family would not satisfy the requirements of the defense.  *See, e.g.*, *United States v. Stevens*, 985 F.2d 1175, 1182 (2d Cir. 1993) ("Evidence of a mere 'generalized fear' does not satisfy the requirement of a well-founded fear of impending death or serious bodily harm.").  In light of the

6

weak nature of these defenses, any failure by counsel to advise Petitioner of their availability was not objectively unreasonable.

Moreover, the Court finds Petitioner has failed to show prejudice arising from any alleged failure to inform him about each defense. The Second Circuit has held that "this prong of the [*Strickland*] inquiry is not satisfied merely by [defendant's] testimony that he would have gone to trial had he known of the defense . . . since a defendant's testimony after the fact suffers from obvious credibility problems." *Panuccio*, 927 F.2d at 109 (internal quotations omitted). Rather, "where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." *Lockhart*, 474 U.S. at 59. Because the evidence did not entitle Petitioner to a jury instruction concerning entrapment or duress, he cannot show that he was prejudiced by counsel's alleged failure to advise him about the defense.

### 2. Advice About Nature and Consequences of Guilty Plea

Petitioner claims that counsel provided ineffective assistance because they failed to: (1) act on his requests to file an objection to the Court's vacatur of his first plea to Count One; (2) inform Petitioner of the nature and consequences of his second guilty plea; and (3) provide accurate guidance on the anticipated length of sentence. (Pet'r Aff. ¶¶ 17-24.) The Court finds no merit to Petitioner's claims.

Petitioner's contention that counsel disregarded instructions to object to the vacatur of his first plea is belied by the record. When Petitioner appeared before Magistrate Judge Peck to submit a second plea, he allocuted willingly and without objection. (Plea Tr. 8, May 11, 2006.) At this proceeding, Petitioner made no mention of counsel's alleged failure to file an objection to

the withdrawal; rather, he explicitly confirmed that he was satisfied with his representation.  (*Id.* at 6.)

Petitioner's second contention that counsel failed to inform him of the nature of his second guilty plea is contradicted by his statements before Magistrate Judge Peck.  Petitioner relies on the following exchange as evidence that he misunderstood the nature of his plea:

> THE COURT: Count 2 charges you with possessing with intent to distribute mixtures and substances containing a detectable amount of heroin. That carries the same exact penalties that we talked about a moment ago with respect to the first count. Do you understand that?

> THE DEFENDANT: Yes.

> THE COURT: All right. And on both collectively the maximum would be 40 years of imprisonment. Do you understand that?

> THE DEFENDANT: But I am just agreeing to the lesser offense.

> THE COURT: Right. But the lesser included offense in Count 1 carries 20 years and Count 2 also carries 20 years, so that the maximum you could get is 40 years. You may get less than that, but the statutory maximum is 40 years. Do you understand that?

> THE DEFENDANT: Yes, I do.

> . . .

> [THE GOVERNMENT]: Your Honor, I was just discussing with Ms. Cardi that we should alert the Court that this case comes to your Honor in a somewhat unusual procedural position, which is that the defendant has allocuted successfully to Count 2 previously and that plea has been accepted by Judge Wood. He is here today to allocute simply to Count 1 before your Honor, and that may have been the source of the confusion that the defendant was expressing a moment earlier.

> THE COURT: All right. Very good. Thank you.  All right. Are you ready to plead now with respect to the lesser included offense aspect of Count 1, Mr. Marte?

> THE DEFENDANT: Number one is about conspiracy. That I don't understand.

> THE COURT: OK. We are adjourned on this plea. We'll take it at a later time.

> MS. CARDI: No, he didn't understand.

> THE COURT: Is there any reason we have to do this plea this morning, which is to say, if he doesn't understand it, I don't want to rush him through it and yet we've got a busy calendar.

[THE GOVERNMENT]: Can defense counsel have 30 seconds to ascertain the nature of what he doesn't understand?

THE COURT: OK. 30 Seconds.

MR. DELGADO: We have cleared up the confusion your Honor.

THE COURT: All right. So let me try the question again now that you have had time to talk to your counsel.  Are you prepared to plead at this time with respect to the lesser included count subsumed within Count 1, that is to say, the conspiracy to distribute and possess with intent to distribute mixtures and substances containing a detectable amount of heroin in violation of 21 U.S. Code 846, 841(a)(1) and 841(b)(1)(C)?

THE DEFENDANT: OK, yes.

THE COURT: What is your plea? Is your plea guilty or not guilty?

THE DEFENDANT: Guilty.

(*Id.* at 5-8.)

Petitioner asserts that counsel failed, at or before the proceeding, to adequately explain the procedural posture of the case and the nature of his second plea.  However, Petitioner's representations to the Court during the proceeding contradict his claim.  Following this exchange, Petitioner proceeded to confirm to Magistrate Judge Peck that he understood the nature of the charge to which he was pleading and had discussed with counsel the sentencing factors and guidelines:

THE COURT: Do you understand the nature of the charge to which you are pleading guilty and the penalties you face, including the maximum and mandatory terms I advised you of a few moments ago?

THE DEFENDANT: Yes.

THE COURT: Have you and your attorneys talked about how the United States Sentencing Commission Guidelines and the other factors under 18 U.S. Code 3553 may apply to your case?

THE DEFENDANT: Yes.

(*Id.* at 10.)  "Solemn declarations in open court," such as the ones made by Petitioner, "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

For similar reasons, Petitioner cannot show prejudice even if counsel's representations were deficient because the Court advised him about the consequences of his plea before accepting that plea. *See Diaz v. Mantello*, 115 F. Supp. 2d 411, 422 (S.D.N.Y. 2000) (Batts, J.) ("To the extent . . . counsel failed to advise him of the consequences of pleading guilty, petitioner did not suffer any prejudice because, prior to accepting his plea, the trial court advised petitioner of his legal rights and petitioner indicated that he understood the rights he was waiving by pleading guilty.").

Petitioner's third contention is that counsel assured him he could be "almost sure" to receive no more than 87 months for pleading guilty. (Pet'r Aff. ¶ 24.)  A "mistaken prediction" of the sentence to be imposed generally does not rise to the level of ineffective assistance of counsel. *United States v. Sweeney*, 878 F.2d 68, 70 (2d Cir. 1989) (per curiam).  Where "defendant's specific claim is that counsel has misled him as to the possible sentence which might result from a plea of guilty, . . . the issue is whether the defendant was aware of actual sentencing possibilities, and if not, whether accurate information would have made any difference in his decision to enter a plea." *United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005) (quoting *Ventura v. Meachum*, 957 F.2d 1048, 1058 (2d Cir. 1992)); *see Rosenfeld v. United States*, 972 F. Supp. 137, 146 (E.D.N.Y. 1997) (Spatt, J.) ("Any inaccurate prediction that may have been made by [Petitioner's] counsel was cured by the Court's detailed questioning of

the petitioner at the plea allocution, which alerted the petitioner of the actual sentencing possibilities." (internal quotations omitted)).[4]

The record demonstrates that Petitioner was fully informed of the actual sentencing possibilities, notwithstanding any alleged predictive error by counsel.  During the proceeding, Petitioner confirmed that he had received a Spanish translation of the Government's *Pimentel* letter, which outlined a sentencing range of 235 to 293 months.  (Plea Tr. 13, May 11, 2006.)  At the proceeding, Petitioner also acknowledged the Court's warning that he would be bound by his guilty plea even if the sentence were longer than he expected:

> THE COURT: Do you also understand that the guidelines are just that, guidelines, they're not mandatory, and so Judge Wood can sentence you to a sentence within the guidelines, less than the guidelines, or greater than the guidelines, taking into account all of the 3553 factors, but, of course, the sentence cannot exceed the statutory maximum that I advised you of a moment ago.
>
> THE DEFENDANT: Yes.
>
> . . .
>
> THE COURT: Now, I don't know what sentence you may be hoping for as you stand here today, but I want you to understand that you will not be allowed to withdraw your guilty plea. Even if you get a sentence greater than that, you will still be bound by your guilty plea. Do you understand that?

---

[4] *United States v. Gordon*, 156 F.3d 376, 380 (2d Cir. 1998), cited by Petitioner, does not compel a different conclusion.  In *Gordon*, the Second Circuit affirmed a finding of ineffective assistance where counsel "grossly underestimate[d]" the defendant's potential maximum sentence at trial. *Id.*  Unlike here, the defendant in *Gordon* forwent a plea agreement by electing to go to trial, so the court did not have the occasion that a plea allocution affords to advise the defendant of his actual sentencing possibilities.

Moreover, "[w]hen considering whether a defendant was aware of his 'actual sentencing possibilities,' the rule in this Circuit is that 'predictive errors' about how the guidelines will be applied do not justify vacating a plea of guilty, but that 'erroneous legal advice about the ultimately knowable' *may* provide a basis for a finding that the plea was invalid." *Guerrero v. United States*, No. 08 Civ. 2880(LTS), 2012 WL 423348, at *5 (S.D.N.Y. Feb 8. 2012) (Swain, J.).  Miscalculating a statutory maximum sentence constitutes "erroneous legal advice about the ultimately knowable." *U.S. ex rel. Hill v. Ternullo*, 510 F.2d 844, 847 (2d Cir. 1975).  In the instant case, counsel purportedly underestimated the Court's application of the sentencing guidelines.

11

THE DEFENDANT: Yes.

(*Id.* at 11-12.)  Having been made aware of his actual sentencing possibilities prior to entering the plea agreement, Petitioner cannot show that "but for counsel's unprofessional errors, the result of the proceedings would have been different."  *Strickland*, 466 U.S. at 694.

### 3. Objection to Presentence Report

Petitioner argues that counsel provided ineffective assistance by failing to object to the PSR before sentencing.  Specifically, Petitioner suggests counsel was obligated to object to the PSR's recommendations regarding (1) drug weight and (2) leadership enhancement.

Although counsel did not file a formal objection to the PSR, Mr. Delgado actively disputed the drug weight in Court.  Counsel is not obligated to raise all arguments made during sentencing through formal submission.  *See, e.g.*, *Bonneau v. United States*, No. 01 Civ.11623 (AGS), 2002 WL 1552086, at *6 (S.D.N.Y. June 4, 2002) (Schwartz, J.) (denying ineffective assistance claim where counsel raised the argument before the court's attention prior to sentencing).  Mr. Delgado sufficiently argued at sentencing that Petitioner should be held accountable only for seven grams of heroin, an argument that the Court ultimately considered and rejected.

Counsel's decision not to object to the leadership enhancement was not unreasonable.  It is well settled that "the failure to make a meritless argument does not rise to the level of ineffective assistance."  *United States v. Kirsh*, 54 F.3d 1062, 1071 (2d Cir. 1995); *see also Rodriguez v. United States*, No. 04-CV-1158 (FB), 2005 WL 755769, at *4 (E.D.N.Y. Apr. 4, 2005) (Block, J.) (denying ineffective assistance claim for failure to object to leadership enhancement where "it [was] apparent that the Government could have successfully established [Petitioner's] leadership role").  As this Court found, Petitioner brought two lookouts to his

12

meeting with the undercover agent and instructed them to warn him of any police presence. (Sentencing Tr. 10, Dec. 20, 2006.)  In light of his role, a two-level role enhancement was appropriate, and any effort to dispute this finding would have been ineffective.

Furthermore, "[t]he choice not to contest or move to strike certain other unspecified factual allegations from the PSR reflects a reasonable strategic decision by counsel to raise only the most relevant and persuasive objections at sentencing." *Riza v. United States*, 933 F. Supp. 331, 336 (S.D.N.Y. 1996) (Sprizzo, J.).  Given the weak merits of an objection to the leadership enhancement, counsel's decision to focus his arguments in Court on contesting the drug weight was not objectively unreasonable.

### 4. Motion for Downward Departure or Non-Guideline Sentence for Duress and Coercion

Petitioner argues that counsel provided ineffective assistance by failing to move for a downward departure or non-guideline sentence based on duress and coercion.  The Court finds counsel's performance was not unreasonable.

Section 5K2.12 of the Sentencing Guidelines authorizes a downward departure when the defendant committed the offense "because of serious coercion . . . or duress."  U.S.S.G. § 5K2.12.  "'The court is not confined to the classical definition of duress' when considering a departure under § 5K2.12."  *United States v. Cotto*, 347 F.3d 441, 445 (2d Cir. 2003) (quoting *United States v. Smith*, 987 F.2d 888, 891 (2d Cir. 1993)).  Whereas an "affirmative defense of duress requires a well-founded fear of imminent bodily harm with no opportunity to escape, § 5K2.12 requires only a more general 'threat of physical injury' or 'substantial damage to property,' and thus reflects a broader conception of coercion than does the affirmative defense." *Id.* at 446 (citation omitted).

At least two attorneys who preceded Mr. Delgado and Ms. Cardi in representing Petitioner argued to this Court that Petitioner was entitled to a downward departure for coercion and duress.  (*See* Presentence Mem. of Law Submitted on Behalf of Def. Jose Miguel Marte Dec. 9, 2004, Dkt. No. 63 at 56-62; Conf. Tr. 6, July 2, 2003.)  During the *Fatico* hearing in 2003, counsel elicited detailed testimony from Petitioner and his family about the alleged threats made by the confidential informant.  (*Fatico* Hr'g Tr. 2.)

The record illustrates that Petitioner would not have been entitled to a downward departure.  In particular, Petitioner did not show he engaged in the conspiracy "because of" serious coercion arising from his purported debt to the confidential informant.  For example, Petitioner was unable to describe with any particularity the size of debt that he claims prompted his participation; when pressed by the Court, Petitioner could not recall whether he owed less than $10,000 or more than $200,000.  (*Id.* at 149.)  A petitioner cannot show prejudice from a failure to make a motion for downward departure when that motion would be denied.  *See McEwan v. United States*, 279 F. Supp. 2d 462, 465 (S.D.N.Y. 2003) (Stein, J.) ("Had counsel explicitly requested a downward departure on the grounds petitioner raises, this Court would have denied that request. . . . Thus, the result of the sentencing would not have been any different.").  Because a motion for a downward departure on duress and coercion would have been denied, based on Petitioner's lack of credibility and attempts to both minimize his own culpability and obstruct justice, Petitioner was not prejudiced by counsel's failure to make that motion.

### 5. An Evidentiary Hearing is Not Warranted

Section 2255 requires a court to hold an evidentiary hearing on a petitioner's claim, unless the motions and records in the case establish that the petitioner is not entitled to relief.  It

14

is "within a district court's discretion to determine whether an evidentiary hearing is warranted." *Bennett v. United States*, No. 03 Civ. 1852(SAS), 2004 WL 2711064, at *3 (S.D.N.Y. Nov. 23, 2004) (Scheindlin, J.). To obtain a hearing, a petitioner "must demonstrate a colorable claim of ineffective assistance," and the Court must evaluate whether a hearing would "offer any reasonable chance of altering its view of the facts." *Chang v. United States*, 250 F.3d 79, 84, 86 (2d Cir. 2001). Petitioner has failed to demonstrate a colorable claim of ineffective assistance of counsel. The Court finds that an evidentiary hearing is unwarranted.

## III. CONCLUSION

For the reasons set forth above, the Court DENIES Petitioner's motion to vacate his conviction and sentence pursuant to Section 2255. A certificate of appealability will not issue because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Pursuant to 28 U.S.C. § 1915(a)(3), this Court certifies, that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: New York, New York
July 19, 2012

KIMBA M. WOOD
United States District Judge

**Exhibit A**

Timeline (note: counsel at proceeding noted in [brackets])

| | |
|---|---|
| 10/24/02 | Petitioner and co-conspirator (Francisco Jose Vargas) arrested |
| 11/21/02 | Indictment of Petitioner and co-conspirator |
| 7/1/03 | Petitioner indicates he intends to plead guilty |
| 7/2/03 | Government submits *Pimentel* letter recommending total offense level of 36 |
| 7/10/03 | Petitioner pleads guilty to both counts before Magistrate Judge Katz [Mr. Bondy] |
| 7/23/03 | Co-conspirator convicted at trial |
| 9/23/03 | Court accepts Magistrate Judge Katz's recommendation to accept Petitioner's guilty plea |
| 2/5/04 | *Fatico* hearing [Mr. Bondy] |
| 4/14/04 | Petitioner replaces counsel Mr. Bondy with Ms. Fink |
| 7/13/04 | Petitioner replaces counsel Ms. Fink with Mr. Lewis |
| 8/22/05 | Second Circuit decides *United States v. Gonzalez*, 420 F.3d 111 (2d Cir. 2005) |
| 6/2/05 | Petitioner replaces counsel Mr. Lewis with Mr. Jasper |
| 12/19/05 | Government moves to vacate 2003 pleas; Court vacates Count One plea [Mr. Jasper] |
| 1/05/06 | Ms. Cardi replaces Mr. Jasper as counsel |
| 4/3/06 | Petitioner retains Mr. Delgado as counsel |
| 4/11/06 | Court asks Ms. Cardi to continue to represent Petitioner alongside Mr. Delgado |
| 4/28/06 | Deadline to file papers opposing vacatur of plea |
| 5/9/06 | Government submits *Pimentel* letter recommending total offense level of 38 |
| 5/11/06 | Petitioner pleads guilty to Count One before Magistrate Judge Peck [Ms. Cardi and Mr. Delgado] |
| 7/26/06 | Court accepts Magistrate Judge Peck's recommendation to accept Petitioner's guilty plea |
| 12/20/06 | Court sentences Petitioner [Ms. Cardi and Mr. Delgado] |
| 1/4/07 | Petitioner files direct appeal *pro se* |
| 2/17/10 | Second Circuit denies appeal and dismisses ineffective assistance claim without prejudice |
| 5/13/11 | Petitioner files habeas petition [Ms. Edwards] |